THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01762-RM-GPG

EagleBank,

      Plaintiff,

v.

Yahia Hu Schwartz, as Trustee of the
Yahia Hu Schwartz Revocable Trust
and as Co-Trustee of the Axis Investment
Holdings Trust,

and

Mark Alan Schwartz, as Co-Trustee of
The Axis Investment Holdings Trust,

      Defendants.

---

## FIRST AMENDED COMPLAINT

---

Comes now Plaintiff EagleBank by and through its counsel, Montgomery Little & Soren, P.C., and brings its First Amended Complaint.

## INTRODUCTION

On April 5, 2022 Plaintiff EagleBank filed its Complaint against the Yaiza Hu Schwartz Revocable Trust dated 12/12017 (sic) (the "Schwartz Trust") and against Axis Investment Holdings Trust (the "Axis Trust") with the District Court in and for Eagle County, Colorado. Document #13-1, Exhibit 1. On July 15, 2022, Yahia Hu Schwartz, as Trustee of the Schwartz Trust, and Mark A. Schwartz, as Trustee of the Axis Trust and as counsel on behalf of both the Schwartz and Axis Trusts, removed the Complaint to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

On August 8, 2022, parties to this action (but not parties to the Complaint) Yahia Hu Schwartz individually and as Trustee of the Schwartz Trust, and Mark A. Schwartz individually and as Trustee of the Axis Trust, moved to dismiss the Complaint pursuant to Yaiza. 12(b)("Motion to Dismiss"). The Motion to Dismiss appears to be combined with a Motion to Strike the Complaint.

Under Yaiza. 15(a), EagleBank hereby files its First Amended Complaint, which moots the Motion to Dismiss, together with any purported Motion to Strike.

PARTIES

1.      Plaintiff EagleBank is a Maryland chartered commercial bank owned by Eagle Bancorp, Inc., a registered bank holding company.  EagleBank has its principal place of business in Maryland and is incorporated in Maryland.

2.      The Schwartz Trust is a trust whose citizenship is that of its Trustee, Ms. Yahia Hu Schwartz ("Ms. Schwartz").  Upon information and belief, Ms. Schwartz is a resident and citizen of Puerto Rico.  Ms. Schwartz is the spouse of Mark Alan Schwartz ("Mr. Schwartz"), and together with Mr. Schwartz, Co-Trustee of the Axis Trust.

3.      The Axis Trust has a tax mailing address of 460 El Mirador, Edwards, Colorado 81632, the address of Lot 11 as defined herein.  Its citizenship is that of its Co-Trustees, Mr. and Ms. Schwartz.  Mr. Schwartz, upon information and belief, is a resident and citizen of Puerto Rico. Upon information and belief, Mr. Schwartz is a direct or indirect former owner of Lot 11, as defined herein, at the time of entry of the EagleBank Judgment, also as defined herein.  Mr. Schwartz is counsel for himself, Ms. Schwartz, individually and as Trustee of the Schwartz Trust, the Axis Trust, and for the Tax Lien Law Group.

JURISDICTION AND VENUE

4.      As noted above, this lawsuit was removed to this Court pursuant to 28 U.S.C. §§

1332, 1441, and 1446.

5.    This Court has personal jurisdiction over the Defendants because:

    a.    They purposefully availed themselves of the rights and privileges of the State of Colorado at times material to this action;

    b.    They committed the tortious or other wrongful acts and omissions described herein, with resulting injury, damages, loss or other consequences in the State of Colorado;

    c.    The Defendants have the requisite minimum contacts with the State of Colorado. The exercise of personal jurisdiction over the Defendants comports with traditional notions of fair play and substantial justice; and

    d.    A substantial part of the events or omissions giving rise to this action occurred, and Lot 11 lies, within this judicial district, within the meaning of 28 U.S.C. §1391.

<u>GENERAL ALLEGATIONS</u>

6.    The real property that is the subject of this action is described as Lot 11, Cordillera Subdivision Filing No. 32, according to the Final Plat recorded August 10, 1998 at Reception No. 665487, Eagle County, Colorado, also described as 460 El Mirador, Edwards, CO ("Lot 11").

7.    By Quit Claim Deed dated June 20, 2016, the Mark Alan Schwartz Revocable Libing (sic) Trust Number One dated 12/14/1999 transferred title of Lot 11 to the Axis Trust for a stated consideration of ten dollars, which deed shows no documentary fee paid. Exhibit 2. This Quit Claim Deed was recorded with the Eagle County Clerk and Recorder, Eagle County, Colorado on June 28, 2016 as Reception No. 201609829. *Id.*

8.    On January 30, 2020, a Judgment by Confession was entered in the Circuit Court of

Maryland for Montgomery County, Case No: V478002, in favor of EagleBank, and against Tax Lien Law Group, LLC, Mr. Schwartz individually, and the Axis Trust, jointly and severally, in the amount of $3,534,029.08, plus prejudgment interest, attorneys' fees of $4,500.00 and post judgment interest (the "EagleBank Judgment," Exhibit 3).

9.  The Judgment by Confession was appealed to the Court of Special Appeals of Maryland.

10.  After the Judgment by Confession was entered, and while this Montgomery County, Maryland matter was on appeal, by Quit Claim Deed dated May 21, 2021 the Axis Trust transferred title of Lot 11 to the Schwartz Trust, for a stated consideration of ten dollars, which deed shows no documentary fee paid (the "Transfer").  This Quit Claim Deed was recorded with the Eagle County Clerk and Recorder, Eagle County, Colorado on May 21, 2021 as Reception No. 202112157.  Exhibit 4.  At the time of the Transfer, the EagleBank Judgment had been entered against the Axis Trust. The EagleBank Judgment had not been satisfied in whole or in part at the time of the Transfer, and Defendants had full knowledge of the EagleBank Judgment at the time of the Transfer.

11.  On February 3, 2022 EagleBank filed with the District Court, Eagle County, Colorado, Case No. V478002, a Judgment Creditor Affidavit in Support of Foreign Judgment. Exhibit 5.

12.  On February 24, 2022 EagleBank filed with the District Court, Eagle County, Colorado, Case No. 22CV30022, a Notice of Filing of Foreign Judgment. *Id.*

13.  On March 7, 2022, EagleBank recorded with the Eagle County Clerk and Recorder, Eagle County, Colorado, the Judgment by Confession, and Judgment Creditor Affidavit in Support of Foreign Judgment as Reception No. 202203811.  Exhibit 3.

14.  On April 5, 2022 EagleBank filed the Complaint.  Doc#13-1, Exhibit 1.

15.     On April 6, 2022, EagleBank recorded with the Eagle County Clerk and Recorder, Eagle County, Colorado, a Notice of Commencement of Action and Lis Pendens as Reception 202205957.   Exhibit 6.

16.     On April 18, 2022 EagleBank recorded with the Eagle County Clerk and Recorder, Eagle County, Colorado a Transcript of Judgment as Reception No. 202207187.   Exhibit 7.

17.     In Colorado, a settlor of a revocable trust has an ownership interest in the assets of the trust, and a judgment creditor of the settlor may enforce a judgment against those assets.   See, *Pandy v. Independent Bank,* 372 P.3d 1047 (Colo. 2016).

18.     There is no record of statement of authority as defined at C.R.S. § 38-30-172 for the Axis Trust or for the Schwartz Trust.

19.     Upon information and belief, Ms. Schwartz lives or has lived at Lot 11.

20.     Upon information and belief:

  a.  The Transfer was made to an insider within the meaning of C.R.S. §38-8-102(8);

  b.  Ms. Schwartz and the Schwartz Trust retained possession or control of Lot 11 after the Transfer;

  c.  The Transfer was not disclosed to EagleBank; and

  d.  At the time of the Transfer, both the Axis Trust and the Schwartz Trust knew of the EagleBank Judgment.

<u>CLAIM FOR RELIEF</u>

(Fraudulent Conveyance under the Colorado Uniform
Fraudulent Transfer Act, C.R.S. §§38- 8-101 - 112)

21.     Plaintiff realleges and incorporates herein the allegations set forth above as though fully set forth herein.

22.     Ms. Schwartz is an "insider" as defined at C.R.S. § 38-8-102(8)(a)(I) and (12).

23.     The Transfer was made after entry of the EagleBank Judgment.

24.     The Transfer was made without the receipt of reasonably equivalent value in exchange for the Transfer.  Upon information and belief, it appears that little if any consideration was paid in connection with the Transfer.

25.     Upon information and belief, the Transfer was made by the Axis Trust and received by the Schwartz Trust with actual intent by both to hinder, delay or defraud EagleBank as a creditor, which had a judgment against Axis Trust before the Transfer, which Transfer was made without present value within the meaning of C.R.S. §38-8-104.  In short, the Transfer was made with the specific intent to place Lot 11 beyond the reach of EagleBank via the EagleBank Judgment so that EagleBank had no means of collecting upon the EagleBank Judgment.

26.     Under C.R.S. § 38-8-106(1), the Transfer was fraudulent as to EagleBank, whose claim arose before the Transfer was made, because the Transfer was made without a reasonably equivalent value in exchange for the transfer and, upon information and belief, Axis Trust was insolvent at the time, or Axis Trust became insolvent as a result of the transfer pursuant to C.R.S. § 38-8-108(1).

<u>PRAYER FOR RELIEF</u>

EagleBank prays for all of the remedies afforded to it under C.R.S. § 38-8-108, including without limitation:

a.      An avoidance of the Transfer to the extent necessary to satisfy the EagleBank Judgment, together with applicable interest, costs, and expenses;

b.      An attachment or other provisional remedy against Lot 11;

c.      Judgment for one and one-half the value of the Lot 11 or for one and one-half the amount necessary to satisfy EagleBank's claim, whichever is less, together with EagleBank's actual

costs;

    d.    Subject to applicable principles of equity:

        a.    An injunction against further disposition of Lot 11 by either the Schwartz Trust or the Axis Trust;

    e.    An order authorizing EagleBank to levy execution on Lot 11;

    f.    Costs, and fees including without limitation expert witness fees, attorneys' fees, and interest as permitted by law; and

    g.    For other relief that the Court deems just and proper.

Dated:  August 29, 2022.

                Respectfully submitted,

                MONTGOMERY LITTLE & SORAN, PC


                *s/ Christopher A. Taravella*
                Christopher A. Taravella, #7790
                Nathan G. Osborn, #38951
                Warren N. "Trey" Eckloff III, #48677
                5445 DTC Parkway, Suite 800
                Greenwood Village, Colorado 80111
                Telephone: (303) 773-8100
                Fax: (303) 220-0412
                E-mail: ctaravella@montgomerylittle.com
                           nosborn@montgomerylittle.com
                           teckloff@montgomerylittle.com

                Attorneys for EagleBank

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

_s/ Casey Nothnagel_