# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Senior Judge Raymond P. Moore

Civil Action No. 22-cv-01762-RM-SBP

EAGLEBANK,

    Plaintiff/Counterclaim Defendant;

v.

YAJIA HU SCHWARTZ, and
MARK ALAN SCHWARTZ,

    Defendants/Counterclaimants;

and

TAX LIEN LAW GROUP, LLC,

    Counterclaimant;

and

YAJIA HU SCHWARTZ,

    Cross-Plaintiff;

v.

JAMES ADAMS,
CHRISTINA ADAMS,
MICHAEL K. HAGEMANN, and
M.K. HAGEMANN, P.C.,

    Cross-Defendants;

and

JAMES ADAMS, and
CHRISTINA ADAMS,

    Third-Party Plaintiffs;

v.

YAJIA HU SCHWARTZ,
MARK ALAN SCHWARTZ,

EAGLEBANK, and
TITLE COMPANY OF THE ROCKIES, LLC;

    Third-Party Defendants.

# ORDER

    This consolidated action is before the Court on the Recommendation of United States Magistrate Judge Susan Prose (ECF No. 44) to grant Cross-Defendants' Motion to Dismiss (ECF No. 29), seeking dismissal of the claims asserted against them by Cross-Plaintiff Schwartz. The Recommendation advised that specific written objections were due within fourteen days after being served a copy of the Recommendation. More than fourteen days have elapsed since the Recommendation was issued, and Cross-Plaintiff has not filed an Objection. "In the absence of a timely objection, the district court may review a magistrate judge's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.3d 1165, 1167 (10th Cir. 1991). For the reasons below, the Court accepts the Recommendation, which is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

    This case began as two lawsuits filed in April 2022: the first by Plaintiff EagleBank against the Schwartz Defendants in state court, and the second by Cross-Plaintiff against Cross-Defendants in this Court. After the state court case was removed to this Court, the cases were consolidated. (*See* ECF No. 28.) By then, the case had become something of a procedural quagmire due to the various claims, counterclaims, and cross-claims asserted against various parties. At present, however, the Court is focused solely on Cross-Defendants' Motion to Dismiss (ECF No. 29), which primarily targets the Amended Complaint Cross-Plaintiff filed in state court in April 2022, asserting claims for breach of contract, specific performance, slander of

title, fraud in the inducement, rescission, declaratory judgment, and interpleader against Cross-Defendants.[1]

As outlined in the Recommendation, this lawsuit stems from a failed sale of real property in Edwards, Colorado, from Cross-Plaintiff ("seller") to the Adams Cross-Defendants ("buyers") and boils down to the question of "whether a seller can force buyers to purchase property—after a title commitment revealed that the property is encumbered by a judgment in excess of three-and-a-half million dollars—where the purchase contract gives the buyers the right to terminate the contract in their '*sole subjective discretion*, based on *any* title matters.'" (ECF No. 44 at 2.) After a thorough analysis of the issues presented in the operative complaint with respect to Cross-Plaintiff and Cross-Defendants, the magistrate judge concluded that "the answer to this question, as a matter of law, is no," and recommended that the seller's claims against the buyers be dismissed with prejudice. (*Id.*)

As a threshold matter, the magistrate judge determined that Cross-Plaintiff's Amended Complaint was the operative pleading for purposes of ruling on the Motion because the prerequisites for further amendment were never satisfied. (*Id.* at 3 n.3.) After providing a detailed recitation of the relevant factual background, which the Court will not repeat here, the magistrate judge then dutifully analyzed each of Cross-Plaintiff's claims.

Applying Colorado law, the magistrate judge first concluded that the breach of contract claim failed because the Adams Cross-Defendants retained the contractual right to terminate the purchase of the property when they did, and therefore they had not failed to perform any duty that was owed to Cross-Plaintiff. (*Id.* at 14-18.) The magistrate judge then concluded that Cross-Plaintiff had waived the right to seek specific performance by declining to check to

---

[1] In their Motion, Cross-Defendants argue in the alternative that the claims asserted in the "Omnibus Pleading" fail in any event. (ECF No. 29 at 5.)

appropriate box on the underlying contract, which was based on the form agreement approved by the Colorado Real Estate Commission and required to be used by real estate brokers in Colorado. (*Id.* at 6, 18-22.) Nor had Cross-Plaintiff shown she did not have an adequate remedy at law so as to justify the imposition of the equitable remedy of specific performance. (*Id.* at 21-22.) The magistrate judge concluded that Cross-Plaintiff had failed to plausibly allege the existence of any slanderous or false statements made by the Cross-Defendants in support of her slander of title claim. (*Id.* at 22-23.) The magistrate judge also concluded that Cross-Plaintiff's allegations did not support the inference of a "knowing misrepresentation" that could support a claim for fraud in the inducement based on Cross-Plaintiff's agreeing to extend to original closing date by four days. (*Id.* at 25-26.) The magistrate judge further concluded that the agreed upon extension was supported by consideration, and Cross-Plaintiff had failed to show the absence of a meeting of the minds, that the amendment was unconscionable, or that she was under economic duress; therefore, her rescission claim failed as well. (*Id.* at 27-33.) Since these claims had all failed, the magistrate judge determined that Cross-Plaintiff was not entitled to declaratory relief or sanctions. (*Id.* at 33-35.) Discerning no way Cross-Plaintiff could "plead around the facts before this court now in a manner that would plausibly allege entitlement to the relief she seeks," the magistrate judge recommended the dismissal of all Cross-Plaintiff's claims with prejudice. (*Id.* at 36.) Finally, the magistrate judge recommended that the $120,000 in earnest money be returned to the Adams Cross-Defendants.

The Court discerns no error on the face of the record and agrees with the magistrate judge's analysis of the issues presented in Motion. *See Gallegos v. Smith*, 401 F. Supp. 3d 1352, 1356-57 (D.N.M. 2019) (applying deferential review of the magistrate judge's work in the absence of any objection); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition ("When no timely objection is filed, the court need only satisfy itself that there is no

4

clear error on the face of the record in order to accept the recommendation."). Further, "[u]nder this court's firm waiver rule, the failure to timely object to a magistrate judge's finding and recommendations waives appellate review of both factual and legal questions." *Klein v. Harper*, 777 F.3d 1144, 1147 (10th Cir. 2015) (quotation omitted). Therefore, the Court accepts the Recommendation in its entirety.

Although no Objections were filed in this matter, Plaintiff filed a Response to the Recommendation (ECF No. 45), essentially seeking to expand the scope of the Recommendation so that all claims from Cross-Plaintiff's Amended Complaint asserted against it would also be dismissed. Cross-Defendants responded by stating that if the Recommendation is adopted, they have no objection to dismissal of their claims against Plaintiff. However, the Court is not persuaded that dismissal of any claims that were not addressed by the magistrate judge in the Recommendation is appropriate at this juncture. With the granting of Cross-Defendants' Motion, the parties may agree or stipulate to the dismissal of other claims via an appropriate filing.

Therefore, the Court ACCEPTS and ADOPTS the Recommendation (ECF No. 44). Cross-Defendants' Motion to Dismiss (ECF No. 29) is GRANTED, and the claims against these Defendants are DISMISSED WITH PREJUDICE. The Adams Cross-Defendants are directed to file an appropriate motion—including the full name and address of the payee(s) and instructions as to accrued interest—so that the Court can return their earnest money.

DATED this 18th day of September, 2023.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge

5