IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01762-SBP (Consol. Lead Case)

EAGLEBANK,

    Plaintiff/Counterclaim Defendant,

v.

YAJIA HU SCHWARTZ,
MARK ALAN SCHWARTZ,
AXIS INVESTMENT HOLDINGS TRUST, and
TAX LIEN LAW GROUP, LLC,

    Defendants/Counterclaimants,

---

### ORDER DENYING DEFENDANTS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (ECF NO. 75)

---

**Susan Prose, United States Magistrate Judge**

This matter is before the court on Defendants' Emergency Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 75 (the "Motion"). This court considers the Motion pursuant to 28 U.S.C. § 636(c)(1). *See* ECF No. 71 (Consent to Jurisdiction of Magistrate Judge); ECF No. 73 (Order Referring Case). This court has carefully considered the Motion, the entire case file, and the applicable case law, and it has determined that neither additional briefing nor oral argument would materially assist in the disposition of the instant Motion. For the following reasons, the Motion is **DENIED**.

### BACKGROUND

Plaintiff EagleBank filed this lawsuit on April 5, 2022, in Colorado state court. ECF No.

1, Notice of Removal. It was removed to this court on July 15, 2022. *Id.* On August 30, 2022, EagleBank filed its First Amended Complaint, which remains the operative complaint (the "Complaint"). ECF No. 19.

EagleBank, a commercial bank chartered in the State of Maryland, brought this suit in relation to a property located at 460 El Mirador in Edwards, Colorado (the "Property"). Complaint ¶¶ 1, 6. On January 30, 2020, a Judgment of Confession was entered in the Circuit Court of Maryland for Montgomery County in favor of EagleBank against Defendants Tax Lien Law Group, LLC, Mark Schwartz, and Axis Investment Holdings Trust (the "EagleBank Judgment"). *Id.* ¶ 8; *see also* 1/29/2020 Judgment by Confession, *EagleBank v. Tax Lien Law Grp., LLC*, No. V478002 (Cir. Ct. Montgomery Cnty. Md.). The EagleBank Judgment totaled $3,534,029.08, plus prejudgment interest, $4,500 in attorneys' fees, and post judgment interest. *Id.* The Property was transferred from the Mark Alan Schwartz Revocable Living Trust "by its Grantor and Trustee, Mark A. Schwartz" to Defendant Axis Investment Holdings Trust c/o "Yajia Hu-Schwartz, Trustee" on June 20, 2016, for ten dollars. *See* 6/20/2016 Quitclaim Deed, Eagle Cnty., Colo., Doc. No. 201609829, available at https://acclaim.eaglecounty.us/; *see also* ECF No. 19-2 (copy of 6/20/2016 Quitclaim Deed).[1] Mark Schwartz was also a co-Trustee and "Original Settlor" of the Axis Investment Holdings Trust. *See* 10/30/2020 Quitclaim Deed, Eagle Cnty., Colo., Doc. No. 202112157 ("2020 Quitclaim Deed"), available at

---

[1] The court may take judicial notice of public records such as these. *See* Fed. R. Evid. 201; *see also, e.g.*, *McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001) (noting that a court may take judicial notice of public records); *Cunningham v. Bank of Am., N.A.*, No. 12-cv-03316-MSK-GPG, 2013 WL 2455945, at *2 (D. Colo. June 6, 2013) (taking judicial notice of facts "contained within documents filed with the Mesa County Clerk and Recorder").

https://acclaim.eaglecounty.us/; *see also* ECF No. 19-4 (copy of 2020 Quitclaim Deed). The Property was transferred again on October 30, 2020, this time from the Axis Investment Holdings Trust to the Yajia Hu Schwartz Revocable Trust, again for ten dollars (the "2020 Transfer"). *See* 2020 Quitclaim Deed. According to EagleBank, these transfers occurred while the EagleBank Judgment was under appeal, before the Judgment had been satisfied. Complaint ¶ 10.

EagleBank has since attempted to satisfy the EagleBank Judgment here in Colorado. On February 3, 2022, EagleBank filed a Judgment Creditor Affidavit in Support of Foreign Judgment with the District Court for Eagle County, Colorado (Case No. 2V478002). *Id.* ¶ 11. On February 24, 2022, EagleBank filed a Notice of Filing of Foreign Judgment with the District Court of Eagle County, Colorado (Case No. 22CV30022). *Id.* ¶ 12. On March 7, 2022, EagleBank recorded the EagleBank Judgment, and Judgment Creditor Affidavit in Support of Foreign Judgment, with the Eagle County Clerk and Recorder (Reception No. 202203811). *Id.* ¶ 13. After this litigation was filed, on April 6, 2022, EagleBank recorded a Notice of Commencement of Action and Lis Pendens with the Eagle County Clerk and Recorder (Reception No. 202205957). *Id.* ¶ 15. EagleBank also recorded a Transcript of Judgment with the Eagle County Clerk and Recorder on April 18, 2022. *Id.* ¶ 16.

EagleBank contends that the 2020 Transfer was made "with the specific intent to place [the Property] beyond the reach of EagleBank via the EagleBank Judgment so that EagleBank had no means of collecting upon the EagleBank Judgment." *Id.* ¶ 25. EagleBank brings a single cause of action for Fraudulent Conveyance under the Colorado Uniform Fraudulent Transfer Act, Colo. Rev. Stat. §§ 38-8-101-112. *Id.* ¶¶ 21-26. In addition to costs and fees, EagleBank

3

seeks: (1) avoidance of the 2020 Transfer; (2) an attachment against the Property; (3) judgment for the amount necessary to satisfy the EagleBank Judgment; (4) an injunction against the sale of the Property; and (5) an order authorizing EagleBank to levy execution of the Property. *Id.*, Prayer for Relief.

On October 30, 2023, the Bank of New York Mellon ("BNY Mellon") filed suit against the Schwartzes in the District Court for Eagle County Colorado, seeking an order authorizing the sale of the Property pursuant to Colorado Rule of Civil Procedure 120. *See Bank of N.Y. Mellon v. Schwartz, et al.*, No. 1:23-cv-03417-CNS-MEH (the "BNY Mellon Action"), ECF No. 1, Notice of Removal (filed December 23, 2023) ¶ 1. According to Defendants, the Eagle County District Court granted the order ex parte on November 6, 2023, before BNY Mellon had properly served the Schwartzes. *Id.* ¶ 3. Pursuant to the order, the Eagle County Public Trustee has scheduled a sale of the Property for January 31, 2024. Motion at 8-9.

Defendants filed the instant Motion on January 11, 2024, seeking a temporary restraining order and preliminary injunction barring the sale of the Property.[2] EagleBank takes no position on the Motion. ECF No. 76 at 2. Defendants assert that BNY Mellon had no right to seek a Rule 120 order authorizing the sale of the Property and contend that the Schwartzes' due process rights were violated by the entry of the Rule 120 Order. Motion at 3-6. They assert that a temporary restraining order and preliminary injunction are warranted in this action while the BNY Mellon Action is pending. *Id.* at 6. Defendants further contend that a stay of the sale is "in

---

[2] The Schwartzes filed nearly identical motions in the BNY Mellon Action, ECF No. 8, and another case pending in this court, *Bank of Am., N.A. v. Schwartz*, 1:22-cv-1764-RMR-SKC, ECF No. 53. This order does not address the merits of these motions, which are currently pending before Judges Charlotte N. Sweeney and Regina M. Rodriguez.

the best interest of all parties concerned, as well as the broader public interest" because EagleBank and the Schwartzes are in the process of settlement negotiations that "would resolve this matter and the cloud it represents over the subject Property's title[.]" *Id.* at 2. According to Defendants, "[a]llowing a rushed Public Trustee's sale to proceed without clear and marketable title would be futile." *Id.*

## Legal Standards and Analysis

There are two ways to obtain temporary injunctive relief pending a judgment from a federal district court: a temporary restraining order and a preliminary injunction. Under Federal Rule of Civil Procedure 65, a court may enter a temporary restraining order before an adverse party is provided notice (or served with process), so long as:

> (A)   specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B)   the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). A temporary restraining order may not exceed 14 days, "unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). If a temporary restraining order is issued without notice to the adverse party, a motion for preliminary injunction must be set for a hearing "at the earliest possible time." Fed. R. Civ. P. 65(b)(3). Unlike a temporary restraining order, a preliminary injunction may only be entered on notice to the adverse party, and it may last longer than 14 days. Fed. R. Civ. P. 65(a)(1).

Relevant to this Motion, a temporary restraining order and a preliminary injunction will only bind: "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys;

5

and (C) other persons who are in active concert or participation with anyone described in [(A) and (B)]." Fed. R. Civ. P. 65(d)(2); *see also, e.g.*, *Zachary v. Englebird*, No. 21-cv-02129-PAB-KLM, 2023 WL 120975, at *2 (D. Colo. Jan. 6, 2023) (rejecting request for preliminary injunction against third parties who were "not parties to the lawsuit"); *Dobler v. Schwartz*, No. 21-cv-01509-PAB-NRN, 2022 WL 1303066, at *1 (D. Colo. Apr. 29, 2022) (holding that plaintiff could not obtain a preliminary injunction against an individual who was not a party to the lawsuit because "such relief would not bind [him]"); *West v. Denver Cnty. Jail Warden*, No. 07-cv-00226-REB-KLM, 20088 WL 732600, at *6 (D. Colo. Mar. 18, 2008) ("[A]s the CDOC and its related offices are not parties to this lawsuit, Plaintiff is not able to obtain injunctive relief in the instant action.") (citing Fed. R. Civ. P. 65(d)).

Here, Defendants seek a temporary restraining order and preliminary injunction barring the Eagle County Public Trustee and BNY Mellon from moving forward with the January 31, 2024 sale of the Property. However, neither the Eagle Country Public Trustee nor BNY Mellon are parties to this litigation. There is also no indication from the record in this case, or the Motion, that the Eagle County Public Trustee or BNY Mellon are in "active concert or participation" with EagleBank, as contemplated in Rule 65(d)(2)(C). Accordingly, this court cannot enter any binding injunctive relief against them.

## CONCLUSION

For the reasons stated above, the Defendants' Emergency Motion for Temporary Restraining Order and Preliminary Injunction is **DENIED**.[3]

---

[3] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written

DATED: January 12, 2024                       BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").