# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01762-SBP

EAGLEBANK,

      Plaintiff/Counterclaim Defendant,

v.

YAJIA HU SCHWARTZ, individually and as trustee of the Yajia Hu Schwartz Revocable Trust and as co-trustee of the Axis Investment Holdings Trust, and
MARK ALAN SCHWARTZ, individually and as co-trustee of the Axis Investment Holdings Trust,

      Defendants/Counterclaimants, and

AXIS INVESTMENT HOLDINGS TRUST and
TAX LIEN LAW GROUP, LLC,

      Defendants/Counterclaim Plaintiffs.

---

## MEMORANDUM OPINION AND ORDER

---

**Susan Prose, United States Magistrate Judge**[1]

      All claims and counterclaims in this matter have been disposed of save one: Plaintiff and Counterclaim Defendant EagleBank's claim under the Colorado Uniform Fraudulent Transfer Act, Colo. Rev. Stat. §§ 38-8-101 *et seq.*, commonly referred to as "CUFTA." EagleBank now seeks to voluntarily dismiss its CUFTA claim pursuant to Federal Rule of Civil Procedure

---

[1] The matter is before this court pursuant to 28 U.S.C. § 636(c) upon the parties' consent to the exercise of jurisdiction of a United States Magistrate Judge (ECF No. 71) and the Order of Reference dated January 10, 2024 (ECF No. 73).

41(a)(2). ECF No. 178 ("Motion"). Although the Schwartz Parties[2] oppose the Motion, ECF No. 179, they identify no "legal prejudice" attendant on dismissal of the CUFTA claim—the standard by which this court must evaluate a request for voluntary dismissal—and this court discerns no basis to infer that any such prejudice will result from the dismissal of a claim the Schwartz Parties are obliged to defend.

Having carefully reviewed the Motion and associated briefing (including a sur-reply the Schwartz Parties did not seek permission to file),[3] the entire docket, and the applicable law, the court now respectfully **GRANTS** EagleBank's Motion and **ORDERS** that the CUFTA claim be **dismissed without prejudice**. The court further directs that final judgment be entered in favor of EagleBank on all claims and counterclaims previously adjudicated in this case, consistent with the court's previous orders resolving those matters. *See* ECF Nos. 109, 172.

## I.    Background

The court assumes the reader's familiarity with the underlying facts and the labyrinthine procedural history of this matter.

In brief, and as pertinent to the instant Motion, this action arises from a dispute over a high-end residential property located in the Vail Valley at 460 El Mirador in Edwards, Colorado (the "Property"). EagleBank initiated this litigation, seeking to void an allegedly fraudulent

---

[2] As a preliminary matter, the court utilizes the term the "Schwartz Parties" here to refer to each and every one of the non-EagleBank parties involved in this litigation at any point in its history: Yajia Hu Schwartz and Mark Alan Schwartz in all the capacities in which they have been sued, whether individually or as trustees/co-trustees of their various associated entities (including the Yajia Hu Schwartz Revocable Trust and the Axis Investment Holdings Trust), along with the Axis Investment Holdings Trust and the Tax Lien Law Group, LLC.

[3] ECF No. 181.

transfer of the Property under CUFTA. First Amended Complaint, ECF No. 19 ¶¶ 21-26. In response, the Schwartz Parties brought five counterclaims against EagleBank, three of which sought relief in the form of a declaration concerning a judgment by a state court in Maryland that EagleBank had obtained against several of the Schwartz Parties,[4] along with counterclaims sounding in tortious interference with contract and slander of title. Amended Answer and Counter Claims Against EagleBank, ECF No. 24 ¶¶ 69-97.

On September 25, 2024, the court granted EagleBank's motion for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and dismissed with prejudice the tortious interference and slander of title counterclaims brought by the Schwartz Parties. ECF No. 109 at 21-22. On September 11, 2025, the court granted summary judgment in favor of EagleBank on the Schwartz Parties' counterclaim which sought a declaration concerning the Maryland Judgment and found that the Maryland Judgment was entitled to recognition and enforcement in Colorado. ECF No. 172 at 21-22. In light of that determination, the court dismissed the Schwartz Parties' two other declaratory judgment counterclaims as moot. *See id.*

Following these decisions, the Schwartz Parties have no remaining counterclaims. The only claim left to litigate in this matter is the claim that started the case: EagleBank's CUFTA claim alleging a fraudulent conveyance of the Property—which allegedly occurred after entry of the Maryland Judgment in favor of EagleBank, for "little if any consideration," and with the

---

[4] That judgment, in the amount of $3,534,029.08 (plus interest and attorney's fees), was in favor of EagleBank and against Mark Schwartz, Tax Lien Law Group LLC, and Axis Investment Holdings Trust. *See Tax Lien Law Grp., LLC v. EagleBank*, No. 1129, Sept. Term 2020, 2021 WL 3360972, at *1 (Md. Ct. Spec. App. Aug. 3, 2021). For convenience, the court will refer to the judgment as the "Maryland Judgment."

specific intent to place [the Property] beyond the reach of EagleBank . . . so that EagleBank had

no means of collecting upon the" Maryland Judgment. ECF No. 19 ¶¶ 23-25.

EagleBank now moves to voluntarily dismiss its CUFTA claim pursuant to Rule 41(a)(2).

ECF No. 178. The Schwartz Parties responded to the Motion in a document that improperly

included what they dubbed a "Cross-Motion for Adjudication on the Merits Under Rule 41(b)"

and "Motion for Sanctions, Fees, and Expungement." ECF No. 179. This court will not consider

motions raised in a response to the original Motion. *See* D.C.COLO.LCivR 7.1(d) ("A motion

shall not be included in a response or reply to the original motion. A motion shall be filed as a

separate document.").[5] Regardless, the Schwartz Parties' demand for a substantive adjudication

of the CUFTA claim, and their assertion that they have some entitlement to attorney's fees or

other form of sanctions, lack merit for the reasons the court explains in this Order.[6]

## II.    Analysis

### A.    Legal Standards

To begin with the legal principles governing the question of voluntary dismissal, Federal

Rule of Civil Procedure 41(a)(2) directs that, once a defendant has filed an answer, a plaintiff

may dismiss a claim only upon order of the court. The Rule also states that dismissal under

---

[5] Consistent with that rule, the docket does not reflect any separate motion under Rule 41(b) or
any motion for sanctions, fees, or expungement.

[6] After EagleBank filed a reply in support of its Motion (ECF No. 180), the Schwartz Parties
submitted a document they designated as a "Reply" to EagleBank's reply (ECF No. 181)—
functionally, an improper sur-response that triggered the filing of a "Notice" from EagleBank
(ECF No. 182) attempting to clean up the procedural confusion the Schwartz Parties' irregular
filings had made of the docket. Nevertheless, the court has examined all of these extraneous
filings and finds that none contains grounds for altering the court's conclusion that the instant
Motion should be granted and the CUFTA claim dismissed without prejudice.

subparagraph 2 is without prejudice. *Id.*

As the Tenth Circuit Court of Appeals has instructed, "a plaintiff may voluntarily dismiss his action so long as the defendant is not hurt.'" *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 810 (10th Cir. 2002) (cleaned up). Absent "legal prejudice" to a defendant, the district court should grant a motion for voluntary dismissal under Rule 41(a)(2). *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997); *see also, e.g.*, *Front Row Techs., LLC v. NBA Media Ventures, LLC*, No. CIV 10-0433 JB/SCY, 2016 WL 5395278, at *5 (D.N.M. Aug. 31, 2016), *aff'd sub nom. Front Row Techs. LLC v. MLB Advanced Media, L.P.*, 697 F. App'x 701 (Fed. Cir. 2017) (recognizing that "Rule 41(a)(2) [for opposed dismissals without prejudice by court order] provides a relatively liberal standard") (quotation omitted). In *Ohlander*, the Tenth Circuit articulated a non-exclusive, four-factor test for district courts to apply in determining whether to deny a request for voluntary dismissal based on legal prejudice to a defendant: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of due diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of the litigation." *See* 114 F.3d at 1537 (citing *Phillips U.S.A., Inc. v. Allflex U.S.A., Inc.*, 77 F.3d 354, 358 (10th Cir. 1996)).

This court need not resolve all of the *Ohlander* factors in favor of EagleBank before allowing voluntary dismissal, nor must it resolve each factor in favor of the Schwartz Parties to deny a Rule 41(a)(2) request. *Id.* "The important aspect" in deciding a motion to dismiss a claim without prejudice under Rule 41(a)(2) "is whether the opposing party will suffer prejudice in light of the valid interests of the parties." *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993) (quotation omitted). And a district court's decision to dismiss a case under Rule 41(a)(2) is

reviewed for abuse of discretion. *Mitchell v. Roberts*, 43 F.4th 1074, 1083 (10th Cir. 2022) (citing *Ohlander*, 114 F.3d at 1537; *Am. Nat'l Bank & Tr. Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991)).

###### B.    Application of the *Ohlander* Factors

After careful consideration of the entire record, the court finds that all of the *Ohlander* factors weigh in favor of granting EagleBank's Motion to dismiss the very last claim remaining in this case.

***First factor.*** With regard to the first *Ohlander* factor, the records shows that the Schwartz Parties' expenditure of "effort and expense" in this litigation to date has not facilitated trial preparation so much as it has served to delay the proceeding and obfuscate the relevant issues. The Schwartz Parties' actions have obliged this court (and EagleBank) to address a plethora of motions, including multiple motions for reconsideration, none of which were found to have merit. At this juncture, only the CUFTA claim remains to be litigated and tried. No discovery has been conducted on that claim to date—the court vacated the Rule 16(b) scheduling conference pending resolution of the instant Motion—and no date for trial of that last claim has been set. Furthermore, the Schwartz Parties' efforts in this litigation to date will in no way be negated by allowing EagleBank to dismiss its remaining claim; rather, it will hasten the Schwartz Parties' ability to appeal the orders issued by this court, which they have long sought to do. *See* ECF Nos. 113 (October 6, 2024 motion requesting certification of order granting EagleBank's' Motion for Partial Judgment on the Pleadings, ECF No. 109, for interlocutory appeal). The first *Ohlander* factor thus weighs in favor of dismissal.

***Second factor.*** As to the second *Ohlander* factor, the record reflects no "excessive delay

and lack of diligence" in EagleBank's request to voluntarily dismiss the CUFTA claim. To the

contrary, EagleBank demonstrated diligence in filing the Motion on October 28, 2025, a matter

of a few weeks after the court issued the September 11, 2025 order granting EagleBank's motion

for summary judgment on the Schwartz Parties' remaining counterclaims. ECF No. 172. After

that order was issued, it was necessary for counsel for EagleBank to discuss the appropriate next

steps with its client and to confer with counsel for the Schwartz Parties before filing any motion

to dismiss. *See* ECF No. 178-1 (October 17, 2025 conferral emails between counsel for

EagleBank and the Schwartz Parties). This was accomplished before the court conducted a

scheduling conference, which had been set for November 4, 2025, *see* ECF No. 176, or issued a

scheduling order.

No inference of dilatory behavior by EagleBank can be drawn from this timeline, which

reflects the amount of time required to make a reasoned assessment of the litigation situation

following the adjudication of the Schwartz Parties' counterclaims in favor of EagleBank,

including an examination of the practical implications of EagleBank's continuing to pursue the

last remaining claim in a lawsuit marked by a tortuous procedural history with opposing parties

who may be, for the reasons explained below in connection with the third *Ohlander* factor,

effectively judgment proof. As counsel for EagleBank put it to Mark Schwartz, the attorney for

the Schwartz Parties, "EagleBank remains confident of a favorable outcome," but "the

practicalities of continuing a litigation that has been drawn out now for years dictate that this

matter should be brought to a close." *See* ECF No. 178-1 at 2. To be sure, the overall timeframe

of the litigation has been somewhat protracted, but this delay largely stems from the Schwartz

Parties' own extensive filings—including no fewer than twenty-one substantive motions as of the

date of filing of the instant Motion—rather than any conduct by EagleBank. *See* ECF No. 178 at 4 n.3.

Because EagleBank did not delay in seeking dismissal of the CUFTA claim pursuant to Rule 41(a)(2), the second *Ohlander* factor supports dismissal.

***Third factor*.** Looking to the third *Ohlander* factor, whether the moving party has provided a sufficient explanation of the need for dismissal, EagleBank's justifications for dismissal are compelling. As EagleBank explains, the Property was sold at a foreclosure sale, thus, "eliminat[ing] all requested relief available to EagleBank [on the CUFTA claim] except for statutory damages," and EagleBank's assessment of the current circumstances is "that a judgment in its favor on the statutory damages may ultimately be uncollectable against the Schwartz Parties." ECF No. 178 at 4.

The record gives the court no reason to question EagleBank's assessment that its chances of ultimately collecting any potential judgment against the Schwartz Parties are slim. Indeed, the validity of that prediction is emphasized by the uncertain personal situation of Mark Schwartz, who faces pending criminal charges in the United States District Court for the Northern District of Illinois. *See United States v. Mark Alan Schwartz*, No. 1:22-cr-00635-1 (N.D. Ill.).[7] The superseding indictment in that matter charges Mr. Schwartz with five counts of wire fraud, in violation of 18 U.S.C. § 1343; one count of aggravated identity theft, in violation of 18 U.S.C. §

---

[7] The court takes judicial notice of this public court record. *See, e.g.*, *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (holding that a court may take judicial notice of facts that are a matter of public record); *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 n.2 (10th Cir. 2014) (noting that a court may "take judicial notice of documents and docket materials filed in other courts") (citation omitted).

1028A(a)(1); and one count of perjury, in violation of 18 U.S.C. § 1623(a). *See generally id.* ECF No. 59 (Superseding Indictment dated October 17, 2024). The publicly-available record in that case indicates that a motion to dismiss the superseding indictment, *id.* ECF No. 76, is pending, but the docket also shows that a jury trial remains on the court's schedule for January 20, 2026. *See id.* ECF No. 66. Without question, Mr. Schwartz is presumed innocent of these charges, but the very existence of a criminal matter raising multiple felony counts against Mr. Schwartz casts doubt on the ability of any of the Schwartz Parties to satisfy a judgment that might be rendered in favor of EagleBank on the CUFTA claim in the instant matter.

In short, EagleBank has sufficiently explained the reasons for its request to dismiss the CUFTA claim, and the third *Ohlander* factor thus favors dismissal.

***Fourth factor*.** Finally, as directed by the fourth *Ohlander* factor, the court examines the present stage of the litigation. Every aspect of the preceding analysis bears on this evaluation and, for the reasons delineated above, supports EagleBank's request for dismissal. Critically, too, focused litigation of the CUFTA claim specifically—including "ginning up the costly machinery associated with our civil discovery regime," *see Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (quotation omitted)—has not yet commenced. Accordingly, this final factor also supports EagleBank's request for voluntary dismissal.

In sum, having carefully considered the entirety of the record pursuant to the *Ohlander* factors, the court respectfully concludes that EagleBank's voluntary dismissal of the CUFTA claim would result in no legal prejudice to the Schwartz Parties that would justify denying the Motion.

**B.      The Schwartz Parties' Arguments**

The Schwartz Parties' point to no factual support for their contention that they would

suffer "overwhelming prejudice" upon the dismissal of the CUFTA claim. *See* ECF No. 179 at 5.

The court identifies three key arguments raised by Schwartz Parties, drawn from a liberal reading

of their papers, and explains here why none suffices to alter the court's conclusion that

EagleBank should be allowed to voluntarily dismiss its CUFTA claim without prejudice under

Rule 41(a)(2).

First, the Schwartz Parties contend that "granting EagleBank a walk-away now would

create exactly the prejudice Rule 41(a) forbids" because the Rule prohibits "dismissal over a

defendant's objection when a counterclaim has been pleaded." ECF No. 178 at 6-7. This

argument carries no weight because the court has issued dispositive rulings in favor of

EagleBank on all of the Schwartz Parties' counterclaims. ECF Nos. 109, 172. Stated otherwise,

the Schwartz Parties have no viable counterclaims that "remain pending for independent

adjudication" at this stage of the case, *see* Fed. R. Civ. P. 41(a)(2), and the previously-disposed-

of counterclaims pose no bar to the voluntary dismissal of EagleBank's affirmative CUFTA

claim.

Second, the Schwartz Parties' averral that EagleBank filed a "spurious" *lis pendens*

concerning the Property, *see* ECF No. 179 at 8—an assertion entirely without support in the

record before this court—has no bearing on the question of whether granting voluntary dismissal

of the CUFTA claim would amount to "legal prejudice" to the Schwartz Parties now. The

propriety of the *lis pendens* is not at issue in the CUFTA claim, which focuses on the allegedly

fraudulent transfer of the Property between certain of the Schwartz Parties on May 21, 2021, for

10

the meager sum of ten dollars and with "with full knowledge of the EagleBank Judgment [of more than three-and-a-half-million dollars] at the time of the Transfer." *See* ECF No. 19 ¶¶ 10, 19. Nor is there any pending counterclaim hinging on the contention that the *lis pendens* was "spurious"; indeed, there is no pending counterclaim at all, the Schwartz Parties having lost their bid to preserve any of them. *See* ECF Nos. 109, 172.[8]

The court finds no basis to countenance the idea that the Schwartz Parties should be allowed to resurrect some sort of counterclaim (or to raise a new claim) in the context of a response to a motion for voluntary dismissal of a CUFTA claim. Moreover, there is nothing in the record to lend support to the supposition that the *lis pendens* EagleBank filed—the purpose of which is to provide "potential purchasers 'notice' of a possible judgment"—was in any way "spurious." *See In re Ute Mesa Lot 1, LLC*, 736 F.3d 947, 951 (10th Cir. 2013) (citing *Kerns v. Kerns*, 53 P.3d 1157, 1164 n.6 (Colo. 2002)). To the contrary, as this court specifically declared following consideration of a comprehensive summary-judgment record, "the Maryland Judgment is entitled to recognition and enforcement in Colorado[.]" ECF No. 172 at 21.

Third, the Schwartz Parties raise yet again their frequently-reiterated claim that EagleBank has sued the wrong parties. ECF No. 178 at 8-9 (asserting that "a trust is not a jural entity; the trustee is the proper party"). The court has explicitly rejected this argument before, concluding that "the Schwartz Parties' request for dismissal for lack of personal jurisdiction and

---

[8] The Schwartz Parties also have not petitioned this court for an order to show cause declaring the *lis pendens* "spurious." *See* Colo. Rev. Stat. § 38-35-204(1) ("Any person whose real or personal property is affected by a recorded or filed lien or document that the person believes is a spurious lien or spurious document may petition the district court in the county or city and county in which the lien or document was recorded or filed or the federal district court in Colorado for an order to show cause why the lien or document should not be declared invalid.").

improper service is wholly frivolous in violation of Rule 11(b)(2)." ECF No. 155 at 3; *id.* at 2

(finding the argument that personal jurisdiction is lacking baseless because "the Schwartz Parties

have previously identified Mark and Yajia Schwartz in their individual and representative

capacities as defendants in this case" and, further, that the Schwartz Parties' failure to "assert

lack of personal jurisdiction or lack of proper service as affirmative defenses" amounts to a

waiver of those defenses. This frivolous argument fares no better in its current guise, framed in

the context of a response in opposition to dismiss the only remaining claim against the Schwartz

Parties under Rule 41(a)(2).

To sum up the "legal prejudice" issue, the Schwartz Parties point to no evidence of

prejudice to them that would attend the dismissal of a CUFTA claim on which they face a

substantial risk of liability. To be sure, the Schwartz Parties view their odds of prevailing as

high. *See* ECF No. 179 at 2 (referencing the "concededly defective CUFTA complaint").

However, as the history of this litigation demonstrates, the Schwartz Parties' rhetoric does not

necessarily square with the applicable precedent or the operative facts, as its prediction regarding

the operation of the Maryland Judgment demonstrates. *See* ECF No. 24 ¶ 58 (asserting in the

Schwartz Parties' answer that "Eagle Bank knows it has no chance of prevailing on these

meritless claims as a matter of law, just as it has no chance of enforcing its judgment in

Colorado, also as a matter of law").

Finally, the court briefly addresses the Schwartz Parties' bid (improperly embedded in its

response to EagleBank's Motion) to obtain a sanction under Rule 41(b) by forcing "dismissal [of

the CUFTA claim] with prejudice and full fee-shifting," *see* ECF No. 179 at 2-3—a stratagem

this court respectfully, but emphatically, rejects. Even if the Schwartz Parties had sought this

relief in a proper, formal motion, the court would deny it as frivolous. On its face, Rule 41(b)

governs *involuntary* dismissals. And there is not a whit of record support for the Schwartz

Parties' contention that EagleBank has somehow "failed to prosecute" its CUFTA claim. *See*

ECF No. 179 *passim*. Neither nor does the record contain any evidence that EagleBank failed "to

comply with [the Federal Rules of Civil Procedure] or a court order," as required to obtain

dismissal under Rule 41(b). The same may not be said of the Schwartz Parties, who have

repeatedly filed unsupported motions in contravention of explicit directives from this court. In

fact, their actions have resulted in an order denying one such motion as frivolous and prompting

the court to find that EagleBank was not required to respond to that motion "or any future motion

by the Schwartz Parties, unless and until the court orders otherwise." ECF No. 176.

    If prejudice to any party may be discerned in the record here, it has fallen on EagleBank,

the party that has been compelled to incur significant attorney's fees in defending against the

Schwartz Parties' myriad motions—none of which this court has found to have merit. It is now

apparent that the only way to alleviate this unfair prejudice to EagleBank is to bring an end, once

and for all, to this litigation. With this Order granting EagleBank's request to dismiss the sole

remaining claim in the case, the court does so.

## III.    Conclusion

    For the reasons stated in this Memorandum Opinion and Order, it is respectfully

**ORDERED** that:

    (1)    EagleBank's Motion to Voluntarily Dismiss its Sole Claim Pursuant to Fed. R.

Civ. P. 41(a)(2) (ECF No. 178) is **GRANTED** and, in accordance with Rule 41(a)(2), the

CUFTA claim is **dismissed without prejudice**;

13

(2)    The Clerk of Court is **DIRECTED** to enter final judgment in favor of EagleBank

and against the Schwartz Parties in accordance with the court's previous orders on all issues

previously adjudicated (ECF Nos. 109 and 172), and to terminate this matter accordingly;

(3)    EagleBank is **AWARDED** its costs as the prevailing party pursuant to Rule

54(d)(1) of the Federal Rules of Civil Procedure; and

(4)    Within 14 days after the entry of judgment, EagleBank, as the prevailing party,

**MAY MOVE** for an award of its attorney's fees pursuant to Rule 54(d)(2) of the Federal Rules

of Civil Procedure.

DATED: November 24, 2025                          BY THE COURT:

_____

Susan Prose
United States Magistrate Judge

14